## Simon Speight *v.* Reese W. Porter.

It is not a sufficient defence in an action at law, against the indorser of a writing obligatory, to plead that the party suing, before that time, had filed a bill in equity against the principal in said writing, to enforce the vendor's lien on certain lots, for which the obligation sued on was given.

A party may have his remedy against one or all the signers of the note, at his election, in bringing suit on such an obligation.

In error from the circuit court of Tippah county; Hon. Hugh R. Miller, judge.

The facts are sufficiently set forth in the opinion of the court.

*Price* and *Jackson* for appellant.

Another suit was brought, and is now pending, on the chancery side of the circuit court docket, by Porter, in which Speight is made a cocomplainant with him to enforce the vendor's lien on the real estate for which the note sued on was given. It is contended that Porter, having abandoned his guarantee on the note, and elected to prosecute his lien against the land, ought not to recover in this action. Before the plaintiff can recover, he should aver a demand of payment, which is not done.

*J. F. Cushman* on the same side.

No counsel for appellees.

Mr. Justice FISHER delivered the opinion of the court.

The plaintiff in error was sued as indorser of a writing obligatory in the circuit court of Tippah county.

The defence set up to the action was, that the plaintiff below had filed a bill in equity to enforce the vendor's lien on certain lots, against the principal in said obligation. To which grounds of defence the plaintiff demurred, and the demurrer was sustained.

This was no defence whatever to the action against the indorser, as the decree could only subject the lots to the payment of the note, and could not operate as a personal judgment against the principal. Indeed, if it did so operate, it would make no difference, unless it produced payment.

The last ground of defence is, that the principal is solvent and able to pay the debt; and that therefore, the indorser ought not to be pursued. This amounts to nothing. The plaintiff may pursue his remedy against all who are bound, but can have but one satisfaction.

Judgment affirmed.