MATTHEW G. REEDY et al., Appellants, *v.* CHARLES G. ARMISTEAD et al., Appellees.

1. EXECUTOR AND ADMINISTRATOR: SUIT AGAINST.—The Statute (Hutch. Dig. 674,) which provides, "that no suit or action shall be brought against any executor or administrator, in such capacity, till after the expiration of nine months from the date of proving the will, or granting letters of administration," applies to all suits and actions against them in which they are necessary parties.

2. PARTIES: ADMINISTRATOR.—The administrator of the deceased vendee of real estate, is a necessary party to a bill filed by the vendor, to enforce his lien for the payment of the purchase-money; and such suit will be abated, if commenced before the expiration of nine months from the date of the grant of letters of administration.

APPEAL from the Chancery Court of the Middle District.    Hon. S. S. Wright, vice-chancellor.

The appellees filed their bill in the court below, to enforce a special lien reserved in the deed, to secure the payment of the purchase-money of a tract of land sold by them to one L. N. Dement.    The bill was filed against the administrator of Dement, and also against his heirs at law.    The administrator pleaded in abatement to the bill, that the suit had been commenced against them before the expiration of nine months from the date of the grant of letters of administration to him.    This plea was overruled by the chancellor, and the defendants declining to plead or answer further, a final decree was rendered directing the sale of the land,

VOL. II.—23

unless the purchase-money was paid within the time specified in the decree. The administrators and heirs appealed.

*J. M. Dyer*, for appellants,

Filed an elaborate brief, in which he insisted that the suit had been prematurely brought, and that the court had erred in over-ruling the plea of the administrators; and he cited and commented on the following authorities: Hutch. Dig. 674; Story, Eq. Pl. §§ 72, 160, 177; *Morgan* v. *Morgan*, 2 Wheat. 297; Calvert on Parties, ch. 3, § 3.

*W. Brooke*, for appellee,

Insisted that the administrator was merely a formal, and not a necessary party, and cited in support of this, Story, Eq. Pl. § 175.

HANDY, J., delivered the opinion of the court.

The only question presented in this case is, whether a bill filed to enforce the vendor's lien, for unpaid purchase-money, against the administrator of the purchaser, before the expiration of nine months from the date of the letters of administration, can be maintained.

The statute provides, "that no suit or action shall be brought against any executor or administrator, in such capacity, till after the expiration of nine months from the date of proving the will, or granting letters of administration. Hutch. Code, 674. Its policy was to allow time to administrators to examine, and under-stand the condition of the estate; to provide the means of paying its debts, if practicable, without suit, by collecting its assets; and to be advised in relation to any demands against it, which it might be necessary to defend. The exemption is broad, and applies to all suits and actions against administrators, in which they are necessary parties.

In a proceeding like the present, the administrator is a neces-sary party, because the demand is sought to be enforced as a debt of the estate, for which the personal assets are primarily liable. Story, Eq. Pl. § 177. The course is, first, to establish the debt, and then to decree that, unless it be paid out of the personal

estate, the land be sold for that purpose. The administrator may, possibly, be able to show that the debt has been paid in full, or in part, or that for any other reason, it should not be charged upon the intestate's estate, or upon the specific land; and in order to give him an opportunity to assert such right, it is necessary that he be proceeded against under the general rule, made by the statute, for the protection of administrators, and of estates. And the reason of the statute would appear to apply with as much force to suits of this nature as to any other description of suits, where administrators are necessary parties.

Under this view of the case, the bill was prematurely brought, and the decree must be reversed, and the bill dismissed.

FISHER, J., took no part in this case.

A re-argument was asked for, but refused.