### JAMES T. PAYNE *v.* WILLIAM R. HARRELL.

1. VENDOR'S LIEN, BILL TO ENFORCE: SUIT AT LAW ON SECURITIES GIVEN FOR PURCHASE OF LAND: REMEDIES MAY BE PURSUED AT SAME TIME.—The right to sue at law on the securities given for the purchase of land, and in equity to enforce the vendor's lien, are distinct and independent remedies, and the vendor may prosecute either or both at the same time. 3 J. J. Marshall, 558; 5 J. J. Marshall, 323.

2. SUIT AT LAW AND IN EQUITY FOR SAME DEBT AND AT SAME TIME.—The general rule is, that a party will not be permitted to sue at law and in equity for the same debt and at the same time, but the rule applies only where the remedy in both is equally personal, and not where the one remedy is *in rem*, and the other *in personam.* 2 S. & M. 697; 5 S. & M. 662; 6 John Ch. R. 77.

ERROR to Chancery Court of Newton county. Hon. John Watts, judge.

*J. J. Shannon*, for plaintiff in error, contended,

That the demurrer to the bill should have been sustained. There are no circumstances alleged showing why the vendor could not sue at law on the notes, and collect them in that way. It is not alleged that the vendee is insolvent. This, or some other reason, was necessary.

*T. B. Graham* and *A. B. Smith*, for defendant in error.

The only question presented is, whether it is necessary for the vendor to prosecute the vendee to insolvency, before he can resort to a court of equity to enforce his lien. The question has never been passed upon by this court, though many cases are to be found in which the vendor filed his bill, and enforced his lien, the point not having been made. 23 Miss. 124; 27 Miss. 772. The Supreme Court of Kentucky has decided the question in the following cases : 5 J. J. Marshall, 323 ; 3 J. J. Marshall, 558.

ELLETT, J., delivered the opinion of the court.

The only question in this case is, whether the vendor of real estate can file a bill in chancery to enforce his equitable lien for the purchase-money, without having first sued, and exhausted his remedies at law.

There can be no doubt on this subject. The right to sue at law upon the securities given, and in equity, to enforce the vendor's lien, are distinct and independent rights, and the party can pursue either or both remedies, at his discretion. The precise point made in this case has been adjudged in Kentucky in favor of the right to sue. 3 J. J. Marshall, 558, *Black* v. *Hunter ;* 5 J. J. Marshall, 323, *Richardson* v. *Baker.*

The general rule is, that a party will not be allowed to sue at law and in equity at the same time, for the same debt. But this rule only applies to cases where the demand at law and in equity are equally personal; and not where the one remedy is *in rem,* and the other *in personam,* as in cases of debts secured by mortgage or pledge. *Miller* v. *Helm,* 2 S. & M. 697; *Jones* v. *Conde,* 6 John. Ch. R. 77, and cases there cited; *Miller* v. *Trustees of Jefferson College,* 5 S. & M. 662.

The decree disallowing the demurrer to the bill will be affirmed, and the cause remanded, with leave to answer the bill within sixty days from this date.