## T. N. L. ANDERSON ET AL. *v.* H. & C. NEWMAN.

1. CHANCERY. *Practice. Answer. Demurrer.*
   Where a defendant in chancery after answering the bill files a demurrer thereto the demurrer should be overruled.

2. SAME. *Bill to subject property fraudulently conveyed. Action at law pending.*
   The pendency of an action at law to recover a judgment for a debt does not preclude the plaintiff therein from proceeding by a suit in chancery to subject to the payment of his demand property fraudulently conveyed by the debtor.

3. ADMINISTRATOR. *Can be sued, when. Sect. 2086, Code 1880, construed.*
   Sect. 2086 of the Code of 1880 provides that, "no suit or action shall be brought against any executor or administrator, in such capacity till after the expiration of six months from the date of the letters testamentary or of administration." This provision applies in all actions in which an administrator is a necessary party defendant.

4. ESTATE OF DECEDENT. *Creditors. Must proceed first against personalty.*
   Creditors have no right to proceed against the realty belonging to the estate of a decedent until the personalty of the estate has been exhausted, or is insufficient to pay the debts of the intestate.

APPEAL from the Chancery Court of Amite County.

Hon. H. S. VAN EATON, Chancellor.

On the thirteenth day of March, 1882, H. & C. Newman, commission and cotton brokers of New Orleans, La., exhibited this bill in the Chancery Court of Amite County, against T. N. L. Anderson, Jr., James Anderson, Mrs. J. E. Anderson, Mary J. Anderson, Laura M. Anderson, Hattie Anderson, Anna Dixon, her husband, J. H. Dixon, Julia Smylie and her husband, J. W. Smylie. The bill charges that during the year 1881, the complainants, doing a general business as commission merchants and cotton factors, had made advances of goods and money to the firm of Anderson & Co., composed of T. N. L. Anderson, Jr., and James A. Anderson, to a large amount, so that, after deducting the payments at various times, made by said firm during the fall of 1881, there was, in December, 1881, still due a balance by said firm to complainants of about $8,000, which at the time of the filing of the bill still remained due and wholly unpaid. That said firm

had agreed, during the year of 1881, to ship to complainants all the cotton which they might collect from their customers for that year. That T. N. L. Anderson, Jr., was a son of T. N. L. Anderson, Sr., who died shortly before the filing of complainant's bill. That at the time of the death of T. N. L. Anderson, Sr., he was indebted to the firm of Picard & Weil of Bayou Sara, La., in the sum of $4,000. That the said T. N. L. Anderson, Sr., died intestate, and possessed of a large and valuable estate, both real and personal, and that the only debt of any consequence due by his estate was the $4,000 debt alluded to. That the said T. N. L. Anderson, Jr., was one of the heirs of T. N. L. Anderson, deceased, and that he had duly qualified as administrator of his father's estate. The bill further charges that the firm of Anderson & Co. suspended business in December, 1881, when, after transferring a small remnant of goods to J. G. McKee, they closed doors and ceased business. That shortly before they closed business, they collected about one hundred bales of cotton from various customers of the firm and after the death T. N. L. Anderson, Sr., this cotton, in contravention of their agreement with complainants, was delivered by the firm to Picard & Weil, of Bayou Sara, in payment of the indebtedness due the latter by T. N. L. Anderson, Sr., deceased, and that thereby, in equity, the said Anderson & Co. became the creditors of the estate of T. N. L. Anderson, deceased, to that amount. That with intent to divest title out of themselves, the said T. N. L. Anderson, Jr.. and James A. Anderson, and to defraud their creditors, had conveyed certain real and personal property to their relatives, who are made parties defendant to the bill. The bill alleges that complainants are without remedy at law and that while a suit has been commenced by them at law by attachment against Anderson & Co., sufficient property cannot be found to satisfy their claim. All the heirs at law of T. N. L. Anderson, Sr., deceased, as well also the vendees claiming real and personal property under deeds from T. N. L. Anderson and James A. Anderson, made after their suspension in

business, are made parties defendant to the bill. T. N. L. Anderson, Jr., is also made a party as administrator of the estate of T. N. L. Anderson, Sr., deceased. 'The bill prays that the complainants be subrogated to the rights of Anderson & Co., as creditors of the estate of T. N. L. Anderson, Sr., deceased, and that the property of the decedent, both real and personal, be subjected to the payment of their claim and that the conveyances made by T. N. L. Anderson, Jr., and James A. Anderson, above referred to, be cancelled and for naught held, and that the property so conveyed be also subjected to the payment of their claim. T. N. L. Anderson, Jr., and James A. Anderson, as members of the firm of Anderson & Co., filed a joint answer to the bill, and while their answer was still on file and undisposed of, they filed a joint demurrer, assigning as a ground for demurrer to the bill, the fact that it stated that a suit at law was already pending on the same demand. T. N. L. Anderson, as adminstrator, filed a plea in which he averred that the bill was filed against him as such administrator, within six months from the date and grant of his letters of administration of the estate of his decedent, and asked that the suit be abated as to him in his capacity as administrator. All the heirs at law of T. N. L. Anderson, deceased, demurred to the bill on the ground that the bill did not declare such a state of facts as would authorize a decree of the court directing a sale of the personalty or realty of the intestate. The chancellor overruled the demurrer of Anderson & Co., and also that of the heirs, and held the plea of T. N. L. Anderson, Jr., administrator, insufficient, and from these orders T. N. L. Anderson, James A. Anderson, and all the heirs appealed to this court.

*D. C. Bramlett*, for the appellants.

1. A suit pending in some other tribunal for the same cause of action, would debar appellees from prosecuting this suit. The fact that appellees allege in their bill the pendency of a suit at law on this same debt, devolves upon them, by the rules of pleading, to show in their bill that the suit is of such a character as not to debar the prosecution of this suit.

2. The heirs of T. N. L. Anderson, deceased, are not necessary parties to this bill. The administrator, as the personal representative of the deceased, is alone a necessary party, so far as the indebtedness of the estate is concerned, until the personalty of the estate is exhausted.

3. The plea of T. N. L. Anderson, Jr., as administrator, should have been sustained. Sect. 2086, Code 1880; *Reedy* v. *Armistead*, 31 Miss. 353.

*Sessions & Cassedy*, for the appellees.

The answer of T. N. L. Anderson, Jr., and James A. Anderson overruled both their joint demurrer and the separrate plea of T. N. L. Anderson, Jr., and they will not be heard to complain here of the action of the court in overruling the demurrer of the other heirs. The action of the court below in holding the plea insufficient, cannot be assigned for error in this court, for the manifest reason that no appeal lies from the judgment of the court on the sufficiency of a plea. The plea was properly held insufficient. This is not the character of "suit or action" referred to in sect. 2086 of the Code, which is prohibited from being brought against an administrator in his capacity as such. Treating the demurrer of these heirs as going to the merits of the bill in this case, so far as it affects the demurrants, we think there can be but little doubt that the right of Newman & Co. to be subrogated to the rights of Anderson & Co. against the estate, from the facts detailed in the bill, is clearly within the principle established by this court in the following cases: *Woods* v. *Reidley*, 27 Miss. 119; *Short* v. *Porter*, 44 Miss. 533; *Clopton* v. *Gholson*, 53 Miss. 466; *Norton et al.* v. *Phelps*, 54 Miss. 467; *Hines* v. *Potts*, 56 Miss. 351. Sheldon on Subr., sect. 167. If the allegations of the bill be true, the heirs can in no possible contingency be injured or damaged by granting the prayer of the bill.

COOPER, J., delivered the opinion of the court.

The demurrer of T. N. L. and James A. Anderson was rightly overruled. They had answered the bill and could not,

thereafter, and while said answer remained on file, interpose a demurrer. Story's Eq. Pl., sect. 462.

Besides, the demurrer was not well taken. The sole ground of demurrer is, that by the bill it appears that the complainants had commenced proceedings at law for the recovery of the debt which is the foundation of the bill. This did not preclude them from prosecuting, at the same time, with the action at law, this bill to subject property fraudulently conveyed by the defendants. *Speight* v. *Porter*, 26 Miss. 286 ; *Payne* v. *Howell*, 40 Miss. 498.

The plea of T. N. L. Anderson, administrator of the estate of T. N. L. Anderson, deceased, was a sufficient answer to the bill in so far as it sought to fix a charge against the estate of his intestate. The creditors of the estate, whose debt was, as is alleged, paid by the appropriation of the assets of Anderson & Co., and to whose rights, as creditors of said estate, complainants seek to be subrogated, could not have proceeded against the administrator for the purpose of collecting their debt within the period of six months next after the grant of letters of administration, and the complainants can have no higher right than had those persons whose place they seek to take by subrogation. Code 1880, sect. 2086.

This provision applies in all actions in which the administrator is a necessary party defendant. *Reedy* v. *Armistead*, 31 Miss. 353.

The demurrer by the heirs at law of T. N. L. Anderson, deceased, should have been sustained. If the complainants have any claim against the estate of their ancestor, they may in proper time proceed against the administrator to compel its payment. He stands as the sole representative of the personal estate, and creditors have no right to go against the heirs until the personalty is exhausted or is deficient for the payment of the debts of the intestate.

The decree overruling the demurrer of the defendants T. N. L. Anderson and J. A. Anderson is affirmed, that over-

ruling the plea of the administrator and the demurrer of the heirs is reversed, and cause remanded with instructions to the Chancery Court to abate the suit as to these parties.