## F. W. ROSENTHAL & CO. *v.* E. ENEVOLDSEN.

ADMINISTRATOR.    *Suit by personal creditors of.    Fraud.    Section* 2086, *Code* 1880.
A bill was filed by creditors of E. against him personally, and as *administrator* of his deceased wife, to subject to the payment of their claims certain property alleged to have been fraudulently transferred by E. to his wife during her life.    E. pleaded that six months had not elapsed since grant of administrator.    *Held,* that the case came within the letter of § 2086 of the Code of 1880, and the plea was sufficient.

APPEAL from the Chancery Court of Yazoo County.

HON. E. G. PEYTON, Chancellor.

The facts are stated in the opinion.

*Bowman & Barnett,* for the appellant.

The only question to be considered in this case is, does § 2086, Code of 1880, apply to cases of this character? The debts sought to be collected are the debts of E. Enevoldsen individually, and not as administrator of the estate of his deceased wife. No debt due by his wife's estate is sought to be collected. In *Reedy et al.* v. *Armstead et al.,* 31 Miss. 354, it was said that "the exemption is broad and applies to all suits and actions against administrators in which they are necessary parties." In *Anderson* v. *Newman,* 60 Miss. 532, the case of *Reedy et al.* v. *Armstead et al.* was cited with approval. In both these decisions, however, it must be noted that the complainants were seeking to recover a debt due by the deceased person, and the language of the court must be construed with reference to the particular state of facts developed. The bill of complaint charges that to avoid the just claims of his creditors the defendant, Enevoldsen, resorted to many devices, such as getting his property in his wife's name. It further alleges that said Enevoldsen is treating this property as the property of his wife's estate. In such proceeding the administrator of Julia Enevoldsen, who happens to be E. Enevoldsen, was a necessary party. If the property originally owned by E. Enevoldsen were in existence, the complainants, who had judgments, could have had executions issued and levied upon executing indemnity bonds; to this course no objection could have been raised by the administrator, notwithstanding the result would be to force him into litigation, if he desired to claim the property as administrator. It will not be contended that § 2086 extends to a proceeding of that sort, notwithstanding when the issue is made up the judgment creditor is regarded as plaintiff and the administrator as defendant. In this case the judgment creditors, who are complainants, could not proceed by having execution levied, because the property originally owned by Enevoldsen was not in existence, it having been converted into money and the money used to buy other stock, besides some

of the complainants had no judgments. Suit, therefore, had to be brought; but there is no good reason for prohibiting suit so long as executions can be levied by judgment creditors at any time upon property that may be claimed by an administrator, but which in fact is the property of the judgment debtor. If one of the reasons of this section is to give time to an administrator to find out whether or not property he has received belongs to the estate, then why is it that executions are permitted to be levied in the case supposed? We say that § 2086 was intended for the benefit of the creditors in the main, but it is insisted in this case that such construction should be placed upon it as will benefit only the true owner. If the allegations in the bill are true, this property is not assets at all, and cannot be applied to the payment of the debts of the deceased person. It is to the interest of all interested that its true character be ascertained at once. We submit then that the fair and reasonable construction of § 2086 is, that it was meant to apply to suits or actions brought by the creditors of the estate, and not to suits of this character, and that any other construction would work great injustice. We do not think it necessary for the court to create an exception to the statute to reverse this case, because it appears to be evident that it was not intended to extend to cases of this character. But if it be necessary to create an exception the allegations in the bill call loudly for it.

*J. C. Prewett,* for the appellee.

1. The bill alleges that E. Enevoldsen owed manifold debts, and that by various devices he had got his business, which was furniture, coffins, etc., in the name of his wife, Julia Enevoldsen. Enevoldsen took out letters of administration on the estate of his wife on the —— day of February, 1884, and this bill was filed on the —— day of February, 1884, within, say, a month of Mrs. Enevoldsen's death. Enevoldsen is sued by sundry creditors seeking to subject the property which Enevoldsen is administering on, and for which he had given bond as administrator, the ground being that the property really belongs to Enevoldsen, and *not* to his wife or her estate. Enevoldsen is made a party in his individual and also in his representative capacity. He pleads that as administrator he

cannot be sued within six months, and the other side seek to avoid
the force of the statute in such cases by a system of reasoning that
I do not think it necessary to follow.

2. Section 2086 has received the construction of this court as it
now stands and also under the old code.   The high court of errors
and appeals held in *Reedy* v. *Armstead,* 31 Miss. 354, that the ex-
emption was broad and applies to all suits and actions in which
executors or administrators are necessary parties.   This case was
cited and approved in *Anderson* v. *Newman,* 60 Miss. 532.     They
say they are not suing Enevoldsen as administrator.   They are
taking away, or seeking to take away, from the creditors and
distributees of Mrs. Enevoldsen the whole of the personal estate she
left, and which her husband is now administering, and for which
he has given bond as her property.   The effect of the bill is to take
Mrs. Enevoldsen's estate to pay the individual debts of her
husband.

COOPER, J., delivered the opinion of the court.

This is a bill filed by certain creditors of E. Enevoldsen against him
personally and as administrator of the estate of Julia, his late wife,
and against the children of the intestate, to subject to the payment
of their claims certain property which it is averred was fraudu-
lently transferred by the debtor to his wife during her life.   The
administrator pleaded that six months had not elapsed between the
grant of administration and the institution of the suit, which plea
was held sufficient by the Chancellor and the bill dismissed.

Section 2086 of the Code of 1880 declares that " no suit or action
shall be brought against any executor or administrator, in such
capacity, till after the expiration of six months from the date of
the letters testamentary or of administration."

In *Breckinridge's Admr.* v. *Mellon's Admr.,* 1 How. 273, it was
held that a *scire facias* to revive a suit was not such an action as
was meant by the statute, and that the administrator might be
proceeded against in that suit within the time prescribed.
*Reedy* v. *Armstead,* 31 Miss. 353, and *Anderson* v. *Newman,* 60
Miss. 532, were suits in which it was attempted to fix charges upon

the estate and to have satisfaction thereof by final process. The case now before us differs from those heretofore decided, as it is neither the continuing of a pending suit nor an attempt to fix a charge on the estate, its sole purpose being to contest with the administrator the title of the estate to the property in controversy.

It is nevertheless a suit brought against the administrator in his capacity as such, and one which could not be proceeded with in the absence of the representative of the estate, and is therefore at least within the letter of the statute. We do not say that cases may not arise requiring a restriction of the letter of the statute, but this should only be done where it clearly and unmistakably appears to be such a case as was not contemplated by the legislature.

We cannot say that this is such case. The administrator here may, from his connection with the business referred to in the bill and of his participation in the transaction attacked, have full knowledge of all the facts necessary to be known to prepare his defense to the suit, but if a stranger had taken administration it is apparent that it might be of the greatest importance that time should be given to enable him to familiarize himself with such facts, and we must assume this to have been the reason which operated on the mind of the legislature.

Under such circumstances both the necessity for and the application of the statute would appear, and since this case falls within that class of cases contemplated, it is not withdrawn from its operation by the individual circumstances peculiar to it.

*The decree is affirmed.*