T. L. MITCHENER *v.* J. Q. ROBINS, ADMR., ET AL.

1. CHANCERY COURT. *Insolvent estate. Suit against administrator. Petition to subject exempt property. Code* 1892, § 1946.

  A petition against the administrator and heirs of a decedent for the subjection of the exempt property owned by him in his lifetime to the payment of a debt due for labor performed, which, in its amount, has been allowed by the chancery court, is not a suit within the meaning of § 1946, code 1892, prohibiting suit against an administrator on any claim against the decedent after the estate has been declared insolvent, the proceeding not being a suit on a claim, and the administrator not being a necessary party thereto. *Breckinridge's Admr.* v. *Mellon's Admr.*, 1 How., 273; *Anderson* v. *Newman*, 60 Miss., 532; *Rosenthal* v. *Enevoldsen*, 61 *Ib.*, 532, cited, and the last mentioned distinguished.

2. DEBT FOR LABOR PERFORMED. *Subjection of exempt property. Judgment. Code* 1892, § 1980.

  Under § 1980, code 1892, a debt for labor performed in the lifetime of a deceased debtor whose estate is insolvent, may, on proper proceeding in the chancery court, after its allowance as to amount by said court, be enforced against the exempt property of his estate, although not reduced to judgment, and, therefore, not within the letter of the statute.

FROM the chancery court of Lee county.

HON. BAXTER MCFARLAND, Chancellor.

The petition of the appellant was filed against the administrator and widow and children of one Holditch, who had died intestate, and whose estate had been declared insolvent.

It sought to subject the property that had descended to the widow and children as exempt property, to the payment of a debt against the estate that had been allowed by the chancery court, so far as the amount thereof was concerned. The petition alleged that the debt was for labor performed in the lifetime of the deceased, but did not allege that it was reduced to judgment.

The appellees demurred to the petition on various grounds, among which were the following: (1) The administrator could not be sued after decree of insolvency, or pending insolvency proceedings, and was not a proper party. (2) The exempt property sought to be subjected descended to the widow and children of Holditch, free from the debt claimed, which was not a judgment for labor performed. The demurrer was sustained, and petitioner appealed.

The sections of the code of 1892 involved in the decision are as follows:

"1946. A suit or action shall not be brought against an executor or administrator on any claim against the decedent after the estate has been declared insolvent.

"1980. Property shall not be exempt from execution when . . . nor shall any property be exempt from sale for nonpayment of taxes or assessments, or for any labor done thereon, or materials furnished therefor, or when the judgment is for labor performed, or upon a forfeited recognizance or bail bond."

*J. L. Finley,* for the appellant.

There cannot be any exemption from this debt. *Ransom* v. *Duff,* 60 Miss., 901. It is not the judgment alone or the form of the action, but the consideration of the debt, that determines the question of the liability of the property.

*Allen & Robins,* for the appellee.

The administrator could not be sued after the estate had been declared insolvent, in view of the prohibition contained in § 1946, code of 1892. He was not a proper party to the proceeding,

for the reason that he had no interest in the exempt property, which, under § 1551, code of 1892, descended to the widow and children as tenants in common. The property was not liable to sale for the debt in question, for, while it may have been a debt for labor performed, it was not a judgment for labor performed.

Argued orally by *J. Q. Robins*, for the appellee.

WOODS, J., delivered the opinion of the court.

The first and second propositions argued in the brief of counsel for appellees, for brevity's sake, may be considered together. The first is, that the estate of Holditch having been declared insolvent before appellant's petition had been filed, no action could be brought against the administrator on any claim; and the second is that the administrator was improperly made a party to the suit, as he had no interest in or control over the exempt property of the decedent on which appellant was seeking to fix a charge for a privileged debt. Both contentions may be conceded to be sound, and yet it does not follow that the appellant may not have the relief sought, if otherwise clearly entitled to it.

This is not properly a suit on a claim against the administrator. The debt claimed, in its amount, has been allowed by the chancery court, and there is no controversy on that point, but the appellant now seeks only to have ascertained by the court the character of his debt, in order, under our statute, § 1980, code of 1892, to have declared his right to proceed against the exempt property of the decedent, after he shall have established that his debt is that of a laborer, as that term has been defined by our decisions. The petition is not the foundation of an action to recover a debt strictly, but rather the origin of a proceeding in the court administering the estate to determine the class of claims to which the debt belongs, to provide the method of its payment, if found to be a privileged debt, and to fasten a charge upon the exempt property for any bal-

ance unsatisfied after payment of the ratable proportion due on the claim by the administrator out of the assets of the insolvent estate.

The cases of *Breckinridge's Admr.* v. *Mellon's Admr.*, 1 How., 273, and of *Anderson* v. *Newman*, 60 Miss., 532, are analogous; and in *Rosenthal & Co.* v. *Enevoldsen*, 61 Miss., 532, this analogy is emphasized, and the latter case distinguished from the two former. In the first of the above-named cases it was held that a *scire facias* to revive a suit was not such an action as was meant by the statute; and in the second named case, the effort was by suit brought against the administrator and others within the six months next after the grant of letters of administration, to fix a charge upon the estate of the decedent, and to have satisfaction thereof by final process. The administrator was here a necessary party, and on his plea the suit was abated as to him. In the third named case it was said: "The case now before us differs from those heretofore decided, as it is neither the continuing of a pending suit nor an attempt to fix a charge on the estate, its sole purpose being to contest with the administrator the title of the estate to the property in controversy. It is, nevertheless, a suit brought against the administrator in his capacity as such, and one which could not be proceeded with in the absence of the representative of the estate, and is therefore at least within the letter of the statute."

But the case in hand on this appeal is unlike, in its essential features, this last case referred to by us. Here the effort is to fix a charge upon certain exempt property of the deceased in which the administrator is not interested. He was not a necessary party, and, as to him, the proceeding might have been abated on the hearing of the demurrer, but that would not have carried the case out of court as to the other parties. In chancery, a demurrer may be properly held good as to one respondent and bad as to another.

The remaining proposition put forward and relied upon by

counsel for appellee, is that the appellant had obtained no "judgment for labor performed," and, hence, under § 1980, cannot subject, in any event or to any extent, the exempt property. It is true that no judgment for labor performed has been obtained against the decedent, but it is equally true that none can ever be obtained, for, during the time allowed for securing such judgment, the debtor, by the act of God, has been placed beyond the jurisdiction of earthly tribunals. We have thus a case not within the contemplation of the statute, and the appellant is pursuing the only course left him; he is attempting, in the appropriate forum, to show that his debt is for labor performed for the deceased during his lifetime—the wages of a laborer—and, further, to have that done which will, in effect, take the place and perform the office of the judgment, which, by no act or omission of his, it has become impossible for him to obtain. Clearly, this is a case requiring the restriction of the words of the statute to the ordinary cases contemplated by it, and forbidding its enlargement so as to embrace an exceptional case not within the legislative design.

The foregoing views meet the substantial aspects of the case, and will control on another hearing.

*Reversed.*