McCoy et al. *v.* J. I. Case Threshing Machine Co.

[72 South. 784.]

1. FRAUDULENT CONVEYANCES. *Bills to subject property. Action at law on debt. Parties to action. Joinder. Misjoinder. Equity. Necessary parties. Prior lien holders. Pleading. Allegations of fraud.*

   Although plaintiffs had commenced proceedings at law for the recovery of the debt, which is the foundation of their bill in equity, this did not preclude them from prosecuting, at the same time, with the action at law, a bill in equity to subject property fraudulently conveyed by the defendants.

2. FRAUDULENT CONVEYANCES. *Misjoinder of party defendants. Equity.*

   When a bill in equity neither states a cause of action against, nor seeks any relief from, one of the defendants, such defendant is improperly joined as a defendant, but such misjoinder should not result in the dismissal of the bill as to any other of the defendants.

3. FRAUDULENT CONVEYANCE. *Necessary parties defendant. Prior lien holders.*

   Where a bill in equity sought to subject property fraudulently conveyed, it was not necessary that the holders of liens placed on the property involved prior to the execution of the alleged fraudulent conveyances, should be made parties defendant, where such liens were not attacked.

4. Fraudulent Conveyances. *Pleading. Allegations of fraud.*

Where a bill in equity charged that the deeds sought to be cancelled, other than the one to a named lumber company were executed without any consideration having been paid therefor by the grantees therein, for the purpose on the part of both the grantors and grantees of hindering, delaying and defrauding the complainant in the collection of its debt, which fact was known to such lumber company when it afterwards purchased the land from the alleged fraudulent grantees, the said lumber company thereby intending to aid in placing the lands still further beyond the reach of the debtor's creditors, such allegations of fraud were sufficient to call for an answer.

Appeal from the chancery court of Scott county.

Hon. Sam Whitman, Jr., Chancellor.

Suit by J. I. Case Threshing Machine Company against S. D. McCoy and others. From an order overruling a demurrer to the amended bill of complaint, defendant appeals.

This is an appeal from an order of the chancery court overruling a demurrer to the amended bill of complaint filed by appellees herein. The bill sought to set aside certain conveyances made by appellees as being fraudulent as against the rights of complainant, a creditor of the defendants. The bill charges that defendants S. D. McCoy and S. C. McCoy, being indebted to the complainant (appellee herein), rendered themselves insolvent and hindered, delayed, and defrauded complainant by attempting to convey, and by conveying, to members of their families, all their property real and personal subject to execution, thus rendering it impossible to collect the debt unless these conveyances be set aside. The appellee had already filed its suit in the circuit court for judgment on the debt issue, and while said suit was pending filed this suit in equity to set aside the conveyances as hereinbefore set out. There was a demurrer to the bill which was overruled by the court, and the defendant appeals

*Howie & Howie,* for appellants.

It is urged that the point in the demurrer as to the misjoinder of G. R. McCoy is not well taken because it was alleged that he was a party to fraud. Now let us look at the record and see whether this is correct or not. Of course we admit that there are several blanket averments charging everybody with delaying the appellee and defrauding it.

But when it comes to setting out the allegations of fraud, not the conclusions of the pleader, what does the record show? The land conveyed to him was conveyed by a trustee at a trustee's sale. The appellee says in its bill as to this sale that: ''Complainant avers that the first deed of trust on said land was held by T. B. Gaddis, and that the same was foreclosed, so far as complainant is aware, by due process of law, that the said land was purchased by G. R. McCoy at and for the indebtedness mentioned in the first deed of trust to T. B. Gaddis, and no part of it remained to be applied on your complainant's said deed of trust.'' This land was sold by G. R. McCoy to Hall-Legan Lumber Company, under deed which appears as exhibit no. 6. The prayer for relief in both the original bill and the amended bill ask that the deed, (exhibit 6, page 33), be cancelled. In other words it alleges the facts to be that the land was legally sold to the appellant, G. R. McCoy, for the satisfaction of a legal deed of trust and the title vested in him and yet asked that the sale by him to another party be cancelled and held for naught and that this same land which was legally sold to him shall be sold to satisfy the debt of the complainant against another of the appellants. No debt is due from G. R. McCoy to the appellee and none is claimed, yet the bill seeks to take his land which he has already sold to another party and cancel the sale by him to his grantee and sell it to satisfy the debt of a third party. Had as well argue that any

number of persons that have not privity of relation on the issues involved could be joined, and large costs thus piled up, and yet contend that none of the defendants could object. Of course there is no possibility of the land ever being taken away from him, but in the meantime costs will be piling up and it will take proof to show the facts, if it was proper to join him in the case and all this will ultimately have to be paid by the looser. In other words the appellee figures on playing fast and loose with the hope of catching some of the defendants.

It is also insisted that the beneficiaries in the deed of trust are not proper parties. Why not? The deeds to the various parties recite that the grantees are to assume the deeds of trust. This obligation is binding on the grantees. They will have to pay these debts, if they have not done so already. If they have already paid them they would certainly be entitled to what they paid out. If not the beneficiary in each ought to have some opportunity to protect their interest. What does the prayer ask? Not that the land be sold subject to these prior claims or that the money be first applied on these. But that the land in its entirety, be sold and the proceeds applied, *in toto*, toward the payment of appellee's claim. We insist—and that very earnestly—opinion of counsel to the contrary notwithstanding—that on the allegations of the bill, the appellee is not intitled to this relief. It would not be just for the court to enter the decree as prayed, and that is the test, when it appears from the bill itself that they are not entitled to it. Suppose a decree *pro confesso* was to be taken granting the relief prayed for, which is what would have to be granted if it was not contested, would the court grant a decree ordering the property on which the holders of the trust deeds had a lien to be sold and the proceeds applied when they had not been made a party? It is a serious cloud to place on the title of a man's land to order it

sold and then enter a decree confirming the sale. It would not be equitable to do this when the court had it from the mouth of the appellee itself that they had an interest which was not being taken care of.

It is said that the appellants have no interest in this matter of the holders of the deed of trusts. But they have. They must be presumed to desire that the money loaned on the land be paid back. They are interested to the extent of desiring to not have their creditors, who they honestly think they owe, embarrassed in the collection of that which is due them. To that extent they are certainly interested in having these people made parties so that they can protect their interest and save the money that they advanced.

It is true that they do allege that Hall-Legan Lumber Company procured the land by a pretended deed. But they also make the deed an exhibit and it recites a *bona-fide* consideration and that this was paid. The rule is that when the allegation in the body of the bill is based on an exhibit and there is a conflict in the facts shown by the two that the exhibit is taken to be correct. In that case then the bill must be held to show that the consideration was paid.

We submit therefore that the case should be reversed and the bill dismissed.

*Cooper & Cooper,* for appellee.

Appellants say that the equity court below did not have jurisdiction because the debt issue was still pending in the law court, and that the chancery court has not jurisdiction to set aside conveyances during the pendency of this debt issue in the law court. The two suits are separate and apart. The same issue was not asked to be tried in both courts. One was not dependent on the other. The pendency of the suit on the debt issue did not preclude the hearing of this equity suit, and did not exclude the jurisdiction of the chancery court to set aside the conveyances as being

fraudulent on the rights of appellee. This issue has been set at rest by this court in the case of *Anderson* v. *Newman,* 60 Miss. 532, wherein it was pointedly held that notwithstanding the pendency of an action at law for the debt a bill may be maintained to subject property fraudulently conveyed to the payment of the debt. In this case Judge Cooper says: "Besides the demurrer was not well taken. The sole ground of demurrer is that by the bill it appears that the complainant had commenced proceedings at law for the recovery of the debt which is the foundation of the bill. This did not preclude them from prosecuting, at the same time, with the action at law, this bill to subject property fraudulently conveyed by the defendants."

And Judge Cooper cites *Speight* v. *Porter,* 26 Miss. 286, and *Payne* v. *Howell,* 40 Miss. 498, to support this position.

The next contention of appellant is that there is a misjoinder in that G. R. McCoy is made a party defendant. This is not set up in a separate demurrer of G. R. McCoy, and he is the only party who can object. Not demurring separately, it is too late for all of the defendants, appellants here, to complain. Ency. Pleading and Practice, 412. "The objection of misjoinder of parties as defendants in a bill is a mere personal privilege and consequently those only can demur for that cause who are improperly joined." 6 Ency. Pl. & Pr. 310.

But notwithstanding this fact, G. R. McCoy is a proper party; in fact is a necessary party, for he is a member of the family who, jointly with other defendants, was charged with being a fraudulent grantee, the fraudulent grantors conveying him a part of his lands. The bill also charges that he attempted to further the fraud by conveying by fictitious deed and for a feigned and pretended consideration certain of the lands to another of the defendants. By all rules of

pleading he is not only a proper party, but a necessary party. 20 Cyc. 715.

The next contention is that there is a nonjoinder of parties defendant in that certain beneficiaries in certain deeds of trust on the land fraudulently conveyed were not made parties defendant. These deeds of trust were executed before the fraudulent deeds complained of in the bill, and have no connection with them. Their validity is not questioned. The rights of the beneficiaries, in these deeds of trust are not affected by the bill, and could not be. There is no contest with them. They might have been made parties without a misjoinder, but, they are not necessary parties. The United States supreme court in the case of *Venable* v. *U. S. Bank,* 2 Pet. 107, discussed this precise point and there held that a mortgagee holding a mortgage on property fraudulently conveyed, which was made before the execution of the fraudulent conveyance was not a necessary party to a bill which did not attack the mortgage. For other authorities we cite 20 Cyc. 712, 5 Ency. Pl. & Pr. 545; *Walter* v. *Reihl,* 38 Md. 211; *Trego* v. *Skinner,* 42 Md. 426.

But even if these were necessary parties, the appellants could not complain by demurrer. They are not the proper parties to make complaint. Non-joinder of a party against whom no relief is prayed is not ground for demurrer by other parties, for a defendant can demur for want of proper parties only when he has an interest himself in another's being made a defendant. 6 Ency. Pl. & Pr. 311. This must appear in the bill even then before demurrer can be considered.

Smith, C. J., delivered the opinion of the court.

Although appellees "had commenced proceedings at law for the recovery of the debt which is the foundation of the bill, this did not preclude them from prosecuting, at the same time, with the action at law, this bill to

subject property fraudulently conveyed by the defendants." *Anderson* v. *Newman,* 60 Miss. 532.

The bill neither states a cause of action nor seeks any relief against G. R. McCoy, so that he was improperly joined as a defendant. This misjoinder, however, should not result in the dismissal of the bill as to any of the defendants except G. R. McCoy.

It is not necessary in order for appellees to obtain the relief sought for that the holders of liens placed on the property here involved prior to the execution of the deeds alleged to have been fraudulently made, which liens are not attacked in this proceeding, be made parties defendant hereto.

The effect of the allegations of the bill, as we understand them, is to charge that the deeds sought to be canceled, other than the one to Hall & Legan Lumber Company, were executed without any consideration having been paid therefor by the grantees therein for the purpose on the part of both of both the grantors and grantees of hindering, delaying, and defrauding appellee in the collection of its debt, which fact was known to the Hall & Legan Lumber Company when it afterwards purchased the land from the alleged fraudulent grantees, the said lumber company thereby intending to aid in placing the lands still further beyond the reach of the appellant's creditors. This is sufficient allegation of fraud to call for an answer.

Affirmed and remanded, with leave to appellants to answer within thirty days after filing of mandate in the court below.

*Affirmed and remanded.*