## ALICE G. RANSOM *v.* MAGGIE O. DUFF.

LANDLORD AND TENANT. *Demand for rent. Exemption. Sect. 1255 Code 1880, construed.*

Sect. 1255 of the Code of 1880 which, before the amendment thereof, provided that, "No property shall be exempt from execution, when the process is for rent," was applicable as well where the process was a *fieri facias* from a personal judgment for rent, as where it was an attachment for rent, the object and effect of the statute being to abolish all exemption against demands for rent, without regard to the form of the action pursued.

APPEAL from the Circuit Court of Carroll County.

Hon. C. H. CAMPBELL, Judge.

Alice G. Ransom recovered a personal judgment against W.

H. H. Duff, "for rent due and unpaid." Upon this judg-
ment an execution was issued and levied on certain personal
property, which was replevied by Maggie O. Duff, wife of the
defendant in the execution. An issue to try the right of
property was made up, submitted to the circuit judge, who
found that the property in controversy "was exempt from
execution," and had been "improperly levied upon," and
rendered a judgment releasing the property from the levy
and awarding the possession thereof to the claimant. There-
upon the plaintiff in the execution appealed to this court.

*McLean & Liddell*, for the appellant.

The circuit judge ruled that the words "process for rent"
as used in sect. 1255 of the Code related alone and exclusively
to writs of attachment. This seems to us to be an improper
construction of the statute. The word process not only in-
cludes a writ of attachment, but also an execution — an
execution is a process, as much so as a writ of attachment.
Attachments are extraordinary remedies, attended always with
great expense and labor to all parties, and it would be doing
defendants (debtors) injustice to hold that the creditors
should pursue an extraordinary course instead of a plain,
simple, inexpensive suit. Our idea of the law is this : that
the landlord can attach, but if he so desires he can bring an
action of *assumpsit*, debt, or covenant, as the case may be,
and under and by virtue of these last named actions have the
same rights that he would have by virtue of an attachment.
The principle underlying the statute is, that when the claim
is for rent, no property is exempt, independent of the remedy.

*No counsel* for the appellee.

CHALMERS, J., delivered the opinion of the court.

Sect. 1255 of the Code of 1880, before the amendment of
March 1, 1882 (Acts 1882, p. 113), declared that no prop-
erty should be exempt from execution "when the process is
for rent."

The court below ruled, or seems from the meagre record before us to have ruled, that this provision applied only where exempt property was seized under process technically appropriate for the collection of rent, to wit, an attachment or distress for rent, and that the property would be exempt if seized under a *fieri facias* issued upon a judgment *in personam*, though the judgment had been recovered for rent due and unpaid.

This is erroneous. The object and effect of this statute was to abolish all exemptions against demands for rent, and this consequence follows regardless of the legal process adopted for the collection of such demands. The test of exemption or non-exemption is not the form of action pursued, but the consideration of the debt due.

We have not been favored with any brief for appellee and it is possible that the judgment below was based upon other grounds than that alluded to by us. We decide only the single point.

Reversed and remanded.