RICHARD L. BERRY ET AL. *v.* HARRIETT BULLOCK ET AL.

STATUTE OF FRAUDS. *Verbal promise to execute deed of trust. Loan. Use of money to satisfy mortgage. Subrogation.*

> A lender of money who made a loan to enable the borrower to pay off a mortgage on his homestead, on the faith alone of a verbal promise to secure the debt by the execution of a deed of trust on the land, cannot enforce the verbal promise, and in a suit for that purpose the complainant will not be subrogated to the right of the mortgagee whose mortgage was satisfied with the borrowed money.

FROM the chancery court of Lawrence county.

HON. HENRY C. CONN, Chancellor.

Berry and others, appellants, were complainants, and Bullock and others, appellees, defendants in the court below. From a decree in favor of defendants, the complainants appealed to the supreme court. The facts are sufficiently stated in the opinion of the court.

*Fairman & Magee* and *Wells & Wells*, for appellants.

Complainants, at the instance and request of Bullock and his wife, paid off and satisfied a debt secured by mortgage on their homestead—at least, loaned them the money with which to satisfy such mortgage, and this, too, upon an express promise that they would secure the loan by a deed of trust on the land. The deed of trust was never executed, but the mortgage which complainants' money satisfied was offered in evidence, and complainants should have been subrogated to the rights of the mortgagee. 24 Am. & Eng. Ency. Law (1st ed.), 293, note 1; *Robertson* v. *Norvell*, 66 Md., 530; *White* v. *Newhall*, 68 Mich., 641; *Gilbert* v. *Gilbert*, 39 Ia., 657; *Levy* v. *Martin*, 48 Wis., 206; *Edwards* v. *Davenport*, 20 Fed. Rep., 756; *Staples* v. *Fox*, 45 Miss., 667; *Howell* v. *Bush*, 54 Miss., 437;

*Sparks* v. *Pittman*, 51 Miss., 511; *Barnett* v. *Nichols*, 56 Miss., 622; *Union, etc., Co.* v. *Peters*, 72 Miss.; 1058; *North American Trust Co.* v. *Lanier*, 78 Miss., 418.

*John H. Arrington*, for appellees.

If appellants loaned Bullock, in his lifetime, money with which to pay of the Rutledge mortgage on his home, and if this was done, as claimed by appellants, in faith of a verbal promise to execute a deed of trust on the land to secure the loan, and the trust deed was never executed, still the complainants were correctly denied all relief by the court below.

Complainants were under no moral or legal duty to loan the money; it was not advanced by them to protect any security which they held; they were mere volunteers; they carved out their own security (on their own claims), the verbal promise to execute the trust deed, which promise is not enforcible under the statute of frauds. The doctrine of subrogation has no application to the case; the bill was not filed upon the idea of seeking subrogation.

Argued orally by *W. Calvin Wells* for appellants.

WHITFIELD, C. J., delivered the opinion of the court.

The facts do not show abandonment of the homestead. There is no case made for legal or conventional subrogation. The bill is framed expressly on the theory, sustained by the proof, that appellants made a mere loan to Bullock on the contract and with the declared intent that Bullock should give appellants, as security, a new trust deed. There was no assignment of Rutledge's trust deed. On the contrary, it was satisfied and discharged. There was no agreement, express or implied, that Rutledge's trust deed was to be kept alive for the benefit of appellants. The proof clearly shows that appellants simply loaned the money to Bullock, January 1, 1896, and took his duebill, knowing that the money was to be paid to

Rutledge on his trust deed, but with the sole agreement that, as to security, Bullock was to give appellants a new trust deed on the same land. The bill is expressly framed on that theory, and there is not a hint in it as to subrogation. In this condition the matter was allowed to rest from January, 1896, to May, 1900, when this suit was brought. Appellants had taken Bullock as a customer from Rutledge, and had supplied him for four years. It may be that the desire to keep him as a profitable customer—the bills being pretty regularly paid—induced appellants to trust to his word as to making the trust deed. But death came in 1900 to Bullock, and then the account was stopped and this bill filed to reach his homestead, clearly not on any idea of subrogation at all. The bill conforms to the proof. Appellants carved out their own security. They loaned the money on the faith, not of subrogation, but on the hope of a new trust deed. They are pure volunteers, on the facts of this case. *Good* v. *Golden*, 73 Miss., 91; 19 South., 100; 55 Am. St. Rep., 486, and *Howell* v. *Bush*, 54 Miss., 445, control in this case. See, as precisely in point, *McCowan* v. *Brooks*, 113 Ga., 537 (39 S. E., 115); *Ætna Ins. Co.* v. *Middleport*, 124 U. S., 547, 549 (8 Sup. Ct., 625; 31 L. Ed., 537); *Meeker* v. *Larson* (Neb.) 90 N. W., 958 (57 L. R. A., 901). These cases are conclusive. If it be said there is a prayer for general relief, the answer is that subrogation is not relief appropriate to be administered under the case made by the pleadings or the proof. If relief appropriate under the case made warranted subrogation, it, though not specifically asked for, might be granted under the prayer for general relief. But neither pleadings nor proof made any case for subrogation. Subrogation is not a universal remedy for parties who have lost their money. It has its sphere of relief plainly limited by its nature. It is the creature, not of contract, but of equity, it is true. But equity cannot force subrogation on parties. The case must be one which on its facts fits perfectly in with the nature and purpose of subrogation.

81 Miss.—30

Appellants were under no necessity to pay off Rutledge's trust deed—had no interest to protect by doing so.

We have found few witnesses whose truthfulness shines more clearly out under trying circumstances than did old Mrs. Bullock's.    She fulfills the psalmist's definition, "He that sweareth to his own hurt, and changeth not."

*Affirmed.*