JAMES S. JARVIS v. DELLA ARMSTRONG ET AL.

[48 South. 1.]

HOMESTEADS.   *Purchase money.   Cost of erecting dwelling house.   Husband and wife.   Mortgages.   Code 1906, § 2159.*

Although Code 1906, § 2159, provides that a husband's conveyance or incumbrance of his homestead shall not be valid unless signed by his wife, a mortgage, executed alone by the husband, to secure the unpaid purchase money for the land and the contract price for erecting the dwelling house constituting the homestead, is valid.

FROM the chancery court of Union county.

HON. JOHN Q. ROBINS, Chancellor.

Mrs. Armstrong and others, appellees, were complainants in

the court below; Jarvis, the appellant, was defendant there. From a decree in complainants' favor, dismissing defendant's cross-bill the defendant appealed to the supreme court. The opinion of the court states the facts.

*Stephens & Stephens,* for appellant.

By virtue of our statute law giving mechanics and material men a lien, there was a valid lien upon the property in controversy. That such lien is superior to any rights which the wife had in the homestead, is well settled. The homestead exemption cannot be claimed as against valid liens which have attached to the premises before they are impressed with the character of a homestead, whether such liens are obtained by contract or by operation of law. 15 Am. & Eng. Ency. Law (2d ed.), 617.

Where a vendor of lands retains the title as security for the unpaid purchase money, the superiority of this lien over the right of dower of the wife to the vendee is clear and well established. 1 Scribner on Dower, 555.

Code 1906, § 2156, says: "Nor shall any property be exempt from sale . . . for any labor done thereon, or material furnished therefor." See *Mitchner v. Robbins,* 73 Miss. 383, 19 South. 103.

It has been held by different states, having homestead laws similar to ours, that a mortgage which is given for the purpose of obtaining funds or material to make improvements on the homestead, is not within the rule requiring the consent or joinder of the wife of the homesteader. *Hoffman v. Mill,* 47 Kan., 611; *Thacker v. Booth,* 6 S. W. 460; *Fournier v. Chisholm,* 45 Mich. 417; 15 Am. & Eng. Ency. Law (2d ed.), 674; *Dillon v. Kaufman,* 58 Tex. 696.

The appellant paid to the contractor the full amount due for the building, as he had agreed and contracted to do before the contractor ever did any work whatever on the building. The payments were made from time to time by appellant as the

work progressed. The contractor knew that Armstrong had no funds and so it was agreed among all three of them that Jarvis should guarantee to the contractor the payment of the price due by Armstrong to the contractor for the work to be done. And with this clear understanding, the work was done by the contractor. In view of these facts and of the further fact that Jarvis carried out the contract in so far as he was obligated thereunder, and paid every dollar of the amount guaranteed, it must follow that he is entitled to be subrogated to the lien which the contractor, Reed, had against the property. Subrogation is the substitution of another person in place of a claimant to whose rights he succeeds in relation to the claim; and the subrogation may be either legal or conventional. Legal subrogation is allowed only in cases where the person advancing money to pay the debt of another stands in the position of a surety or is compelled to pay the debt to protect his own rights. Conventional subrogation results from an agreement, made either with the debtor or the creditor, that the person paying shall be substituted into the rights of the creditor whose claim is thus settled. Subrogation is a creature of equity, the purpose of which is to advance justice. *Johnson v. Barrett,* 19 N. E. 199; *Payne v. Hathaway,* 3· Vt. 212; *Re McGuire,* 137 Fed. 967; *Robinson v. Leavitt,* 7 N. H. 99.

What will best promote the advancement of justice in this case? Jarvis, at the request of Armstrong, became surety for him. This was agreed on before the work was done, and, in fact, before the contract therefor was made with Reed, the contractor. Jarvis paid the entire contract price. The claim of Jarvis placed no greater burden upon the property than existed before, Armstrong being indebted to Jarvis instead of to the contractor. It was certainly the intent of all parties that Jarvis should make his money, if necessary, out of the house built with the money he had advanced. Beach, Mod. Eq. 457.

Where a surety pays for his principal, he need not, to entitle him to the right of subrogation, at the time of payment, signify

his election and acceptance of such right; but it is sufficient if he show suretyship, payment by him of the debt, and a lien held by the creditor whose claim has been settled by his payment. *Watts v. Eufala Bank,* 76 Ala. 474; *Davison, v. Gregory,* 43 S. E. 916; *York v. Landis,* 65 N. C. 535; *Holden v. Strickland,* 116 N. C. 185; *Carter v. Jones,* 40 N. C. 196; *Straman v. Rechtine,* 58 Ohio, 455; *Liverman v. Lee,* 86 Miss. 370, 38 South. 658; Freeman on Void Jud. Sales, 51; *Davis v. Gaines,* 104 U. S. 386.

The fact that the contract with reference to the building of the house was a verbal one does not change the situation. Even if it be contended, because of the contract's being verbal, that Jarvis was under no legal obligation to pay the contractor for building the house, yet Jarvis did make the payment. Although Jarvis might successfully have defended a suit brought against him by the contractor for the purchase money, this would have been a personal matter relating solely to Jarvis, and cannot be set up by appellees against Jarvis now. *Gresham v. Lutrick,* 76 Miss. 444, 24 South. 169; Brown on Statute of Frauds, 136; 8 Am. & Eng. Ency. Law (1st ed.), 658; *Insurance Trust Co. v. Thomas,* 53 Pac. 472; *Voltz v. Bank,* 30 L. R. A. 155.

The chancellor of the court below, in rendering the decision in this case against appellant, stated in effect that the contention made by Jarvis with reference to the right of subrogation was correct; but he held that because the time for enforcing the mechanic's lien had expired before the filing of the cross-bill, Jarvis was barred by statute of limitation and there was nothing for him to be subrogated to. Now, the period during which one interested may take advantage of the mechanic's lien law, is twelve months. The debt was paid by Jarvis within that period; and the deed of trust was given within three months from the completion of the building contract. If subrogation can ever arise by operation of law, Jarvis' right thereto was complete when the payment of the debt was made by him.

The signature of the wife was not necessary to the validity

of the deed of trust. When a valid lien once attaches, the husband may renew the lien, and the signature of the wife is unnecessary. *Smith v. Scherck,* 60 Miss. 491; *Hembrick v. Jones,* 64 Miss. 240; *Black v. Reno,* 59 Fed. 917.

*May, Flowers & Whitfield,* on the same side.

It will be noted that the appellant is not asking the court to enforce the lien which Reed, the contractor, might have enforced, namely, the mechanic's lien. What is earnestly sought by appellant is that his equitable rights in the property be held superior to the homestead rights claimed by the appellees. The appellant's rights, claimed by appellant to be superior to those of appellees, arise out of his payment of the entire purchase price of the building claimed as part of the homestead.

A husband alone can execute a valid conveyance of his homestead to secure its purchase money. *Billingsley v. Neblett,* 56 Miss. 537; *North American Trust Co. v. Lanier,* 78 Miss. 418, 28 South. 804. A careful reading of these two cases must result in the conclusion that this court recognizes the principles that homestead rights do not vest until the homestead is paid for, as against persons who furnish the money with which the homestead property is purchased or homestead dwelling is built. One must pay for his property before it shall belong to him, is the view of equity.

Every dollar paid out for the construction of the homestead dwelling house was paid by Jarvis. At the time he paid it, it is unquestionable that the man who did the work on the house and furnished the material therefor had a valid and enforceable lien. Such lien was assignable. *Kerr v. Moore,* 54 Miss. 286. Jarvis could have had the debt transferred to him by the contractor, with its accompanying lien, and have at once enforced the lien and collected the debt by recourse against the property. While this lien was in force, the new arrangement was made by which an extension was allowed to Armstrong, and he executed a deed of trust on all of the property which Jarvis had paid for,

and had the deed of trust recite that it was to secure purchase money. Certainly the appellees cannot now be heard by a court of equity to say, with any advantage to themselves, that while appellant was trying to accommodate their husband and father and themselves, they entrapped him; that while he, as a favor, extended the time for payment and took another kind of security, his action caused appellees to get their property for nothing. This would be inequitable and unconscionable. 15 Am. & Eng. Ency. Law (2d ed.), 674.

*LeRoy Kennedy,* for appellees.

A surety or guarantor has no right to a mechanic's lien on the house of his principal for materials furnished or work done for the party to whom he makes the guaranty. Boisot on Mechanic's Liens, § 263; *Ruggles v. Blank,* 15 Ill. App. 436. However, the question of mechanic's lien for labor and material does not arise in this case, as the contract of the parties eliminated it.

A lien on property which originally existed in favor of a contractor or mechanic and which has been abandoned by him cannot be extended or restored to life by tacking on a new lien arising under another contract subsequently made with the owner of the property. *Ehlers v. Elder,* 51 Miss. 495; Boisot on Mech. Lien, § 721; 79 Me. 282, 9 Atl. 725.

It is evident that appellant elected to secure his debt in a manner suitable to himself, and that to this end he carved out his security in the shape of a deed of trust upon the identical property upon which the mechanic's lien formerly attached. This was a clear waiver of his mechanic's lien. *Trulligher's case,* 33 Am. Rep. 708. Appellant's claim upon the homestead is, then, only what is evidenced by the deed of trust. He gave up any other lien on accepting the deed of trust. If the deed of trust be invalid he can have no claim whatever upon the homestead. And a mere glance at the deed of trust shows that the instrument does not bear the signature of Armstrong's wife.

Certainly it needs no citation of authority to substantiate the claim that a deed of trust upon the homestead property, executed only by the husband, to secure his personal indebtedness, and lacking the signature of the wife, is void in so far as claim thereunder upon the homestead property is concerned. It is true that the title-deed to the homestead property was in the name of the husband, Armstrong, at the time he executed the deed of trust, and that he, instead of his wife, was the owner of the property. But a homestead belongs to the family; and the law contemplates the concurrence of the two heads of the family, husband and wife, in the conveyance before the title of the homestead shall pass to any third person. *McPhee's case,* 3 Am. St. Rep. 581.

Jarvis can have no claim upon the dwelling house because of any subrogation of himself to the formerly existing lien of Reed, the contractor; for, instead of enforcing the lien, even if he had such right by his payment of the indebtedness to Reed, he ignored the lien entirely, and sat down and waited for two years during which time he relied upon the lien of the deed of trust which he had gotten from Armstrong. Why did he not take an assignment of the lien from the contractor when he paid him?

The doctrine of subrogation might have been invoked by appellant against Armstrong or against the appellees, within the year's time allowed for enforcement of such lien. But the statute law of our state in regard to mechanic's and material men's liens does not allow a lienor to recline upon green hills and sit complacently by still waters indefinitely or until his rights have become dissolved by lapse of time, and then further permit him to arise and enter the temple of justice and have himself reinstated in these rights. Such procedure would be placing a premium upon one's inattention to business. One who seeks the benefit of a mechanic's lien must pursue the statute affording the remedy, and if, after the work is done, the time be extended by the taking of a note, the suit thereon must be instituted within the twelve months' period fixed by the statute.

*Dinkins v. Bowers,* 49 Miss. 219; *Ehlers v. Elder,* 51 Miss. 495.

What better or superior claim does the husband's deed of trust impose upon the homestead in this case than would any other or ordinary deed of trust? Appellant contends that he should be subrogated to the rights of Reed, the contractor. But Reed had no rights, when this suit was instituted, for the twelve months' period had expired. *Partee v. Matthews,* 53 Miss. 140.

Argued orally by *J. N. Flowers,* for appellant.

HARPER, Special Judge, delivered the opinion of the court.*
In June, 1904, one J. H. Armstrong purchased certain lots in the town of New Albany, Miss., for which he agreed to pay $800, paying $25 cash and giving his notes for the remainder. He was unable to meet these notes as they fell due, and at Armstrong's request they were taken up by appellant, Jarvis. Later Armstrong decided to build a house on these lots, and contracted with one Reed to construct the same; but, as he had no money, it was agreed between Armstrong and Reed and appellant, Jarvis, that Jarvis would guarantee the payments therefor as they fell due, and in accordance with said agreement Jarvis did pay for the construction of the house for Armstrong. About January 1, 1905, Armstrong and his family moved into and occupied the house. While so occupying it, in April, 1905, Armstrong executed a deed of trust to secure Jarvis for the sum he had advanced to pay off the notes due on the lots and the amount paid out by Jarvis to Reed for constructing the house. This deed of trust recites that it was for the purchase money of the house and lot; but the wife, Mrs. Della Armstrong, did not join in this deed of trust. Some time afterwards Armstrong died, and Mrs. Della Armstrong and his children filed this bill

*FLETCHER, J., being disqualified in the case, recused himself and Wm. R. Harper, Esq., a member of the supreme court bar was appointed and presided in his place.

to cancel the deed of trust as a cloud upon their title. Whereupon the defendant, Jarvis, answered, setting up the foregoing facts, and, making his answer a cross-bill, asked a foreclosure of his mortgage. To this the appellees, Mrs. Armstrong and her children, demurred specially. The demurrer was sustained as to so much of the demand as arose out of the payment for building the house, and was overruled as to that part of the demand that arose from the payment of the notes for the purchase money of the lots, from which ruling the cross-complainant, Jarvis, appealed to this court.

It has been repeatedly held by this court that a deed of trust given to secure the purchase money of a homestead is valid without the signature of the wife. If that be true, we can see no good or sufficient reason why the same rule should not equally apply as to money advanced to build the very house converted into a homestead. The money, while it may not be technically purchase money, creates and brings into existence the very thing that becomes the homestead. Every reason advanced for the protection of the purchase money as against a homestead right applies with equal force and effect to money used to construct the house; that is, to create and bring into existence the very subject claimed as a homestead. Until such claims are satisfied, homestead rights cannot attach as against them.

The decree of the lower court is reversed, and the cause is remanded, to be proceeded with in accordance with this opinion.

*Reversed.*