SPENCE *et al. v.* CLARKE.*

(Division B. Feb. 4, 1929.)

[120 So. 195. No. 27572.]

*Corpus Juris-Cyc. References: Subrogation, 37Cyc, p. 472, n. 93; p. 475, n. 8; On right of one advancing money to pay off a lien or incumbrance upon security which proves defective, to be subrogated to the lien or encumbrance, see annotation in 5 L. R. A. (N. S.) 838; 46 L. R. A. (N. S.) 1049; 50 L. R. A. (N. S.) 489; 25 R. C. L. 1343; 6 R. C. L. Supp. 1515.

*W. M. Mitchell*, for appellant.

544

*Pollard & Hamner,* for appellee.

GRIFFITH, J. On September 29, 1921, Miss J. Ready Spence, then the owner of the lands involved herein, gave a deed of trust on said lands to secure a debt of five thousand dollars to T. A. Turner, with William C. Mc-Lean, Jr., as trustee. Before the secured debt aforesaid or any part thereof was paid, Miss J. Ready Spence died testate, and her will, duly probated, devised unto her brother J. H. Spence all her "worldly possessions," and provided further that the said J. H. Spence, who was by said will appointed executor, should as such executor

"look after" her two nieces, Mary Ready and Margaret Spence, appellants here; that they should be "well equipped to take care of themselves in the business world, if they so desire;" and further that they "be provided with a home as long as they are single, including all living expenses, and thirty-five hundred dollars each at the age of twenty-two."

When the Turner deed of trust became due and overdue, the executor was unable to pay it, and it was placed by the holder in the hands of the trustee for enforcement, who on the date next herein mentioned was about to proceed to sell the land under said trust deed. On or about March 18, 1923, the executor and general devisee, J. H. Spence, and his wife, Bertha Spence, applied to appellee for a loan of five thousand dollars with which to pay said Turner trust deed, and represented to appellee that, except for said Turner trust deed and the taxes for the year 1923, the title of said J. H. Spence to said land was free and unincumbered, and they tendered said land as security, and also the indorsement of J. T. Spence, uninterested except for accommodation. Appellee thereupon agreed that, if the land upon payment of the Turner deed of trust would be free of all liens or other incumbrances or charges, except for the taxes of the current year, and the applicants would procure and produce a certificate to that effect from the attorney representing the Spences, he would make the loan for the purpose of retiring the Turner incumbrance, and would accept a deed of trust on the land; the notes to be indorsed by J. T. Spence. The certificate of the attorney was furnished showing the title to be as represented by the Spences, and relying on the representations made all as aforesaid, the loan was granted, a deed of trust on said land was executed, and thereupon appellee paid the money, not to the Spences, but directly to McLean, the trustee in the Turner deed of trust, who applied the same to the payment of said

trust deed and canceled it of record. Four notes of one thousand two hundred and fifty dollars each to evidence the five thousand dollar loan debt were executed by the Spences to appellee, one of which has been paid.

Apparently no mention during these negotiations was made of the will or of the terms thereof with respect to the charges on the devise of said land to J. H. Spence in favor of the appellant nieces, and it was only after the transaction aforesaid was consummated, but how long after it does not appear, that appellee had any knowledge thereof, other than the constructive knowledge imported by the probate and record of said will. But now the appellants, the nieces, Mary and Margaret, are asserting claim that the charges upon said land in their favor are superior in rank to the deed of trust executed to appellee; wherefore he has filed his bill seeking relief by way of subrogation to the rights of the mortgagee in the Turner deed of trust, and praying that the same be revived in appellee's favor to the extent of the three notes unpaid and held in his hands.

To the bill the appellants filed a demurrer, the several grounds of which are as follows:

"First. Said bill is inconsistent and contains repugnant allegations and prayers for relief and required different parties to each of said inconsistent aspects and leaves the court in doubt as to what would be a proper and just decree to be rendered under the allegations and prayers thereof.

"Second. Said bill does not contain any allegation of loss or injury resulting to the complainant from the alleged misrepresentations charged to have been made by certain of the defendants as to the state of the title of one of the defendants to the land in controversy, nor that there is any impending danger of such loss or injury.

"Third. Because said bill on its face shows that complainant is not entitled to the relief prayed for as against defendants, Margaret Spence and Mary Ready Spence Boulet.

"Fourth. Because there is no equity on the face of the bill."

In their argument upon the first ground of demurrer, appellants cite Miss. Chancery Pr. p. 175; but appellants overlook section 294 of the same handbook, wherein it is shown that grounds of special demurrer must not be set up in a general demurrer, and that, if done, the court will disregard the grounds of special demurrer and look only to the ground or grounds of general demurrer. We therefore forego notice of the special ground and examine only the general one, that "there is no equity on the face of the bill."

In support of this ground, appellants group their argument as follows: The party seeking subrogation must be, first, not a mere volunteer, but an interested party who was compelled to make the payment to protect his own interest; second, refusal to apply the doctrine must be shown to result in loss to him; and, third, its application must not work any injustice to any other interested party. The greater force of appellants' argument proceeds, however, upon the insistence that it is not affirmatively shown by the bill that the failure to obtain the relief prayed will result in any loss to appellee, because, as appellants contend, appellee should first proceed to enforce collection personally against J. H., Bertha, and J. T. Spence, and it is not shown that either of them is insolvent or unable to respond. Inasmuch as J. T. Spence is a mere accommodation indorser, it is not perceived with what justice he should be first called upon to complete the payments for the benefit of appellants in exoneration of the title to lands in which he does not appear to have any interest whatever.

Where a mortgage is executed expressly to raise money to discharge a prior incumbrance, and when it is understood that the new mortgage so executed is to be of equal dignity to that of the said prior incumbrance, and the money is so applied, the mortgagee becomes entitled to be subrogated to the rights of the prior incumbrancer, when such a subrogation is made necessary for the better security of his mortgage debt; and in *Johnson* v. *Barrett,* 117 Ind. 551, 19 N. E. 199, 10 Am. St. Rep. 83, a case similar to the case at bar, it is said: "In such a case the payment of the mortgage debt will operate as a discharge of the mortgage, or in the nature of an assignment of it, as may best serve the purposes of justice and the reasonable intent of the parties most interested. This right of subrogation does not depend upon the insolvency of the mortgagor. The mortgagee has the right to enforce, or foreclose, his mortgage, without regard to the solvency or insolvency of the mortgagor, and in that respect the person subrogated succeeds to all the rights of the mortgagee." See, also, *Hughes* v. *Thomas,* 131 Wis. 315, 111 N. W. 474, 11 L. R. A. (N. S.) 744, 11 Ann. Cas. 673; *Prestridge* v. *Lazar,* 132 Miss. 168, 95 So. 837; *Ligon* v. *Barton,* 88 Miss. 135, 40 So. 555; *Marx* v. *Clisby,* 130 Ala. 502, 30 So. at page 520; *Union Mortgage, Banking & Trust Co.* v. *Peters,* 72 Miss. at pages 1070, 1071, 18 So. 497, 30 L. R. A. 829; 3 Pom. Eq. Jur., section 1212.

We are of opinion that the the case stated by the bill brings it well within the field of operation of the doctrine of subrogation, and that the chancellor was right in overruling the demurrer.

*Affirmed and remanded.*