WELCH *v.* THIGPEN *et al.*

(Division B.   February 11, 1935.)

[159 So. 101.   No. 31562.]

**R. E. Steen,** of Picayune, and **J. M. Morse,** of Poplarville, for appellant.

6

**Parker & Shivers,** of Poplarville, for appellees.

Argued orally by **J. M. Morse**, for appellant, and by **J. C. Shivers**, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

W. E. Thigpen filed a bill against W. M. Welch and R. E. Steen, trustee in a deed of trust given by Mrs. Lily Roach upon lands subsequently purchased by W. E. Thigpen from Mrs. Lily Roach and her husband, James L. Roach, which, it was alleged, constituted their homestead, and in which trust deed her husband did not join. It was alleged that the appellee (Thigpen) acquired said lands through a chain of title set forth in the bill, and that the title to said land became fully vested in said W. E. Thigpen and his grantors, and that the deeds of trust were invalid and constituted no lien upon said lands, but that if a sale was permitted, it would cast a

cloud upon the title of said complainant, and the bill prayed for an injunction restraining sales from being made.

A preliminary injunction was granted, and, on the hearing, the chancellor held that the deeds of trust upon the land were void for failure of the husband of Mrs. Roach to join therein.

It appears that the ancestor of James L. Roach did own said lands, and that James L. Roach acquired a one-sixth interest by inheritance, five other children receiving the other five-sixths thereof; that Mrs. Lily Roach went to W. M. Welch in 1925 and borrowed three hundred dollars from him with which to purchase the land, giving her promissory note therefor; that she took this money, and with it she paid the five other heirs for their share in the estate, and secured from them a deed to the property. Later, in 1927, Mrs. Lily Roach again borrowed one hundred ten dollars and forty cents from W. M. Welch for the purpose of making repairs and building fences, etc., upon said land, giving a deed of trust thereon signed by her alone. The first deed of trust given by Mrs. Lily Roach to W. M. Welch was given nearly two years after the borrowing of the money, and was dated September 24, 1927, and likewise the second deed of trust bore the same date.

At the time these deeds of trust were given, the proof shows, without dispute, that Mrs. Lily Roach and her husband lived upon and occupied said land as a homestead.

The chancellor held that the deeds of trust were void and made the injunction perpetual, from which judgment or decree this appeal is prosecuted.

The appellant contends that the husband's signature was not necessary, because the money furnished by W. M. Welch was procured and paid to purchase said lands, and that the husband's signature was not necessary where the money is used for the purchase money of the lands.

It is not contended that W. M. Welch ever owned the lands himself, or that there was any pre-existing lien for the purchase money transferred to him. He merely loaned Mrs. Roach the money with which to buy the lands, which she used for that purpose. There was no relation of vendor and the purchaser between W. M. Welch and Mrs. Lily Roach, nor did W. M. Welch acquire a vendor's lien from any other person.

We are of the opinion that Welch had no vendor's lien, or any lien at all for the purchase money for the place.

In the case of Lunceford v. Hardin, 124 Miss. 48, 86 So. 710, the court held that a third person advancing money for a person to purchase land was not entitled to a vendor's lien. In order for a vendor's lien to attach to property, the debt must be to the seller or vendor, and must be a part of the purchase price of the property.

In Berry v. Bullock, 81 Miss. 463, 33 So. 410, it was held that where a plaintiff loaned money to enable an owner of land to pay off a trust deed, and the trust deed was satisfied, but a new one was not executed, the plaintiff was not entitled to subrogation of the trust deed which was satisfied with the money loaned by him.

It has also been held ''that borrowed money was used in paying a debt secured by lien on the debtor's property does not entitle the lender, who was under no obligation to pay the debt in the absence of an agreement, to be subrogated to the rights of the lienor.'' Good v. Golden, 73 Miss. 91, 19 So. 100, 55 Am. St. Rep. 486.

The cases relied upon by the appellant are cases where the parties furnishing the money had the lien for the purchase money assigned to them, and were the holders of the lien when the money was borrowed.

In Jarvis v. Armstrong, 94 Miss. 145, 48 So. 1, relied on by the appellant, the land had been purchased for eight hundred dollars by Armstrong, paying twenty-five dollars cash and the balance by notes, which notes were purchased by Jarvis, who, by operation of law, had

the vendor's lien assigned to him. That case has no application to the case at bar.

The appellant relies upon the case of Howell v. Bush, 54 Miss. 437, but that case is not applicable to the facts of this case, and its pronouncement, we understand, supports the conclusion we have reached herein. The appellant also relies upon the case of North American Trust Co. v. Lanier et al., 78 Miss. 418, 28 So. 804, 84 Am. St. Rep. 635, but in that case it appears that fraud was perpetrated by the forgery of the wife's name to a deed of trust by her husband, which deed of trust was given to secure a loan made by L. N. Buck to the husband. L. N. Buck had previously acquired the purchase-money lien on said land. The court held that he could enforce his vendor's lien for the purchase money which he had acquired.

It appears to us that our state, which is in harmony with the majority of the states, as we understand, holds that money used in the purchase of property acquired from a third person does not entitle such third person to a lien therefor. In order for a purchase-money lien to exist, the relation of vendor and vendee must also exist, and the debt must constitute a part of the money used, or to be used, in payment for the property so purchased.

The chancellor was correct in his ruling, and the judgment is affirmed.

Affirmed.