## Russell *v.* Grisham *et al.*

(Division A.  Nov. 30, 1936.)

[170 So. 900.  No. 32419.]

**E. C. Sharp,** of Booneville, for appellant.

**Jas. A. Cunningham,** of Booneville, for appellees.

Argued orally by **E. C. Sharp,** for appellant.

**Smith, C. J.**, delivered the opinion of the court.

The appellant exhibited an original bill in the court below against the appellees, C. E. Grisham and his wife, and their three minor children, alleging, in substance, that they owned the land described as follows: "Part of Block 2 of Williams, Boone and Curlee Survey of the Town of Booneville, commencing at the northeast corner of said block run thence south with east boundary of said block 140 feet thence west 209 feet thence north 140 feet to the north boundary of said block; thence east 209 feet to the point beginning." That prior to January 30, 1933, the land had been sold for taxes and that the owners thereof, desiring to redeem it, obtained from the chancery court a decree removing the disabilities of minority of the minors and permitting them to join in notes and deed of trust securing them for a loan of money sufficient to redeem the land from the tax sale; that pursuant thereto the defendants borrowed the money necessary therefor from the appellant, executing to him their joint and several notes therefor, secured by a deed of trust on the land; and that, by inadvertence, the land was described in the deed of trust as "being a part of block 2 of Williams Survey of the Town of Booneville," whereas it should have been, and it was, the intention of all parties to describe it as "being a part of Block 2 of Williams, Boone and Curlee Survey of the Town of Booneville;" and that a part of the money loaned had not been repaid.

The bill prayed for a decree correcting the description of the land in the deed of trust and for its sale under the terms of the deed of trust. A copy of the decree removing the disabilities of minority of the minor defendants was filed as an exhibit to the bill.

A demurrer to the bill was sustained, except to the extent that a personal judgment was rendered against the adult defendants. The decree granted permission to

the appellant to amend his bill of complaint, which was accordingly done.

This amended bill alleges, in substance, that C. E. Grisham was the owner of the land when it was sold for taxes and thereafter attempted to convey the land to the minor defendants, but erroneously described the land as being in "Block Two of Williams Survey of the Town of Booneville," when the descriptions should have been "Block Two of Williams, Boone and Curlee Survey of the Town of Booneville." That C. E. Grisham represented to the appellants that a decree had been rendered by the chancery court authorizing the minors to encumber the property for a sufficient amount to redeem it from the tax sale; and that Russell and his wife would also sign the notes and deed of trust. Relying upon this statement, the appellant made the loan hereinbefore referred to, and the notes and deed of trust were executed. The land was again erroneously described in the deed of trust as being "that part of Block Two of Williams Survey of the Town of Booneville," when the description should have been as "part of Block Two of Williams, Boone and Curlee Survey of the Town of Booneville." The bill then alleges that title never passed from Grisham to the minor defendants.

The prayer of the amended bill is that the deed of trust be reformed so as to correctly describe the land, and that the appellant be subrogated to the lien of the state of Mississippi on said land to the amount of the unpaid balance due on the land from the appellees to the appellant, and that the trustee in the deed of trust be authorized to sell the land in accordance with its terms. There was also a prayer for general relief.

A demurrer to this amended bill was also sustained, but the decree awarding a personal judgment against the adult appellees was permitted to remain in force, from which no appeal, either direct or cross, has been taken.

The decree removing the disabilities of minority of the

minor appellees is said by counsel for the appellees, and admitted by counsel for the appellant, to be void for noncompliance with the governing statutes. No personal judgment against the minor appellees is sought. Counsel for the appellant, as we understand his brief, makes two contentions: First, that the deed of trust should have been corrected so as to properly describe the land; and, second, if not, the appellant should be subrogated to the lien on the land for the taxes, which was discharged by the money loaned by the appellant for that purpose.

We shall pretermit any discussion of the first of these propositions, and come at once to the second.

The appellees' contention is that the appellant does not come within the rule of subrogation, for the reason that he was a volunteer when advancing the money for the payment of the taxes.

One who on the security of a mortgage advances money, at the instance of the owner of the land mortgaged, to discharge a lien on the land is not a volunteer within the rule denying him the benefit of subrogation; and that the lien to which he seeks to be subrogated was intended to be, and was, paid, is immaterial (Union Mortgage Banking & Trust Co. v. Peters & Trezevant, Trustees et al., 72 Miss. 1058, 18 So. 497, 30 L. R. A. 829; Spence et al. v. Clarke, 152 Miss. 542, 120 So. 195), although the security given is ineffective because of defects therein. 25 R. C. L. 1352; annotator's note to Bell v. Bell, 37 L. R. A. (N. S.), at page 1210; North American Trust Co. v. Lanier, 78 Miss. 418, 28 So. 804, 84 Am. St. Rep. 635; Federal Land Bank v. Newsom (Miss.), 161 So. 864; cf. Berry v. Bullock, 81 Miss. 463, 33 So. 410, and Brown v. Brown, 90 Miss. 410, 43 So. 178. That the lien to which subrogation is here sought is a tax lien is immaterial; but the decree awarding subrogation thereto should preserve to the owners of the property, the minor appellees here, the right to redeem the land therefrom within the time allowed them by the statutes gov-

erning the right to redeem land from a tax lien or sale. Federal Land Bank v. Newsom (Miss.), 166 So. 345.

It will not be necessary to correct the description of the land in the deed of trust, which could not be done as against the minors as they were without authority to execute it; for the decree may direct its sale for the purpose of reimbursing the appellant, with the right to the appellees to redeem the land therefrom, as hereinbefore set forth.

Reversed and remanded.