Tom Lyle Grocery Co. *v.* Rhodes.

(Division A.   Jan. 3, 1938.   Suggestion of Error Overruled Feb. 14, 1938.)

[177 So. 777.   No. 32940.]

Lyle V. Corey, of Meridian, for appellant.

**J. V. Gipson**, of Meridian, for appellee.

**McGehee, J.,** delivered the opinion of the court.

The appellant, Tom Lyle Grocery Company, filed its bill of complaint in the chancery court of Lauderdale county seeking to impress the lien of a judgment which it held against E. G. Strange, one of the defendants in the court below, on certain land sold by the judgment debtor to the appellee L. N. Rhodes.

It appears that on October 1, 1930, E. G. Strange, being the owner of approximately 700 acres of land situated in Lauderdale and Newton counties, executed a deed of trust on said land to secure an indebtedness of $5,500 borrowed from the Federal Land Bank of New Orleans, and which deed of trust was thereupon duly recorded; and that in February, 1932, the appellant obtained its judgment in the county court of Lauderdale county for the sum of $405.10, together with interest and costs, and thereupon the judgment was duly enrolled upon the judgment rolls of Lauderdale county, and became a lien on the land owned by Strange in said county, and which judgment still remains unpaid.

In December, 1935, E. G. Strange and his family vacated such part of the land in Lauderdale county, consisting of 76 acres, as they had occupied as their homestead since prior to the rendition of the judgment, and thereupon acquired a homestead elsewhere. This tract was sold and conveyed by Strange and his wife on February 14, 1936, to the appellee L. N. Rhodes, but the deed of conveyance was executed pursuant to a written contract of sale entered into between the Stranges and appellee in September, 1935, prior to their vacating this land as a homestead. Appellee paid the full amount of the purchase price of this land in the sum of $2,000 to the Federal Land Bank of New Orleans in consideration of a release of the same from the lien of its deed of trust, and which payment was required by said bank as a condition precedent to the execution of such release.

The decree of the court below granted appellant the

relief prayed for, to the extent of impressing the lien of the judgment against the land sold to appellee, upon the theory that it was no longer exempt as a homestead from execution after becoming vacated by the judgment debtor in December, 1935. But it was further decreed that the land should be sold subject to the right of subrogation of the appellee in and to the lien of the deed of trust in favor of the Federal Land Bank to the extent of the purchase money paid by appellee, plus certain taxes and improvements and less the rent received for the year 1936. It is from that portion of the decree granting subrogation to appellee that this appeal is taken.

We are not called on to review of action of the court below in holding that this land became subject to the judgment lien when vacated as a homestead by the judgment debtor, who had previously bound himself in writing to convey the same to appellee, since there is no crossbill from this adverse portion of the decree.

But the rule is well settled to the effect that the appellee is entitled to an affirmance of the decree granting him the right of subrogation, as provided for therein, under the authority of the following cases: Staples v. Fox, Administrator, 45 Miss. 667; Cansler v. Sallis, 54 Miss. 446; Union Mortgage, Banking & Trust Co. v. Peters & Trezevant, Trustee, et al., 72 Miss. 1058, 18 So. 497, 30 L. R. A. 829; Prestridge v. Lazar, 132 Miss. 168, 95 So. 837; Spence et al. v. Clarke, 152 Miss. 542, 120 So. 195; Federal Land Bank of New Orleans v. Miles et al., 169 Miss. 43, 152 So. 472, and Russell v. Grisham et al., 177 Miss. 435, 170 So. 900.

The rule announced in the case of Prestridge v. Lazar, supra, is especially applicable to the facts in the case at bar. It was there held that where a vendee of land, in order to clear the title of encumbrances, with the consent of the vendor, discharged out of the purchase money two mortgages, given on the land by the vendor, which were prior mortgages, and where the vendee afterwards learned that there was an unsatisfied subsequent mort-

gage on the land given by the vendor, of which the vendee had no actual knowledge or information at the time he paid the purchase money, as appellee here had none, but which mortgage was duly recorded, the vendee was entitled to be subrogated to the rights of the two mortgagees in the mortgages so discharged by him to the extent of the amount paid by him in their discharge; and that in equity said mortgages would be revived for the benefit of the vendee, and have priority over the said third mortgage.

While the appellant in the present case earnestly insists that the case of Prestridge v. Lazar is not applicable, we fail to see any distinction between that case and the case at bar, except that in the former case the lienor against whom subrogation was allowed held a mortgage lien duly recorded, whereas the appellant in the present case holds a judgment lien duly enrolled. The principle to be applied is identically the same.

Under the authorities above cited, the vendee is not a mere "volunteer," and this is peculiarly true where, as here, the vendee had such an interest to protect in the land as became vested in him under his enforceable contract of purchase entered into sometime prior to the payment of the purchase price to the holder of the prior lien.

Affirmed.