ROBERTSON, Justice:
The appeal to this Court is from a judgment of the Circuit Court of the First Judicial District of Hinds County, Mississippi, affirming the judgment of the Hinds County Court for $2,050 in favor of W. V. Murphy and against W. H. Taylor. This cause was tried originally in the county court and the judgment is based on a jury verdict for $2,050 against W. H. Taylor. The judgment also ordered the issuance of a special writ of execution against the property known as 567 Road of Remembrance, Jackson, Mississippi.
W. V. Murphy, Appellee, brought suit against W. H. Taylor and Helen Taylor, Appellants, charging that appellants breached a written contract dated August 6, 1965, for the remodeling and altering of their home at 567 Road of Remembrance. This contract was signed by W. H. Taylor, as Owner, and Wallace V. Murphy, as Contractor. It provided that the contractor would furnish all labor and materials, would complete the alterations and repairs in a neat and workmanlike manner and in accordance with the plans and specifications, and upon completion the owner would pay the contractor $2,500.00. Attached to the contract is a typed list of specifications with extras added in ink at the bottom thereof for which W. H. Taylor agreed to pay an additional $150.
*83 The cause was tried twice in Hinds County Court. The first trial resulted in a jury verdict for $1,541.80 in Murphy’s favor, but the county court sustained a motion for a new trial made by the Taylors, because during the course of the trial the court had sustained an obj ection by Murphy to the introduction of certain photographs made by the Taylors of the premises to be altered and repaired. The second trial resulted, as aforesaid, in a jury verdict for Appellee Murphy in the sum of $2,050.
Neither in their Answer to the original Petition, nor in their Answer to the Amended Petition, did the appellants raise any question as to the failure of the wife, Helen Taylor, to sign the contract. They merely denied the written contract of August 6, 1965, and contended in their Answer that they entered into an oral contract with written specifications as shown in Exhibit A to their Answer. They denied that Murphy had substantially performed either contract in a neat and workmanlike manner and charged that he breached the contract and refused to complete the work called for.
The appellants assigned 14 errors. The only one which we deem merits extended discussion is the charge that the court committed error in admitting into evidence the contract of August 6, 1965, which covered alterations and repairs to the homestead but was not signed by the wife.
The deciding of this question involves the construction of two statutes, Sections 327 and 356, Mississippi Code of 1942 Annotated (Supp.1966). Section 356 provides in part as follows:
“(a) Every house, building, water well or structure of any kind * * * erected, constructed, altered or repaired * * shall be liable for the debt contracted and owing, for labor done or materials furnished, or architectural engineers and surveyors or contractors service rendered about the erection, construction, alteration, or repairs thereof; and debt for such services or construction shall be a lien thereon. The architects, engineers, surveyors, laborers, and materialmen and/or contractors who rendered services and constructed the improvements shall have a lien therefor. If such house, building, structure, or fixture be in a city, town or village, the lien shall extend to and cover the entire lot of land on which it stands and the entire curtilage thereto belonging * *
Section 327 provides in part:
“nor shall any property be exempt from sale for nonpayment of taxes or assessments, or for any labor done thereon, or materials furnished therefor, or when the judgment is for labor performed or upon a forfeited recognizance or bail bond.”
It is not necessary to the validity of a mechanic’s and materialman’s lien that the contract be in writing. See Harrison v. Breeden, 8 Miss. (7 How.) 670 (1843).
Appellant Helen Taylor, the wife of Appellant W. H. Taylor, had a beauty shop in the home to be altered and repaired by Appellee Murphy. She took an active part in the negotiations and discussions about the work to be performed. In fact in the Answer to the Amended Petition, it is averred that she wrote the specifications which are an exhibit to the Answer. She watched and supervised the repairs being made to her home. So it was with her consent and approval that the alterations and repairs were undertaken and contracted for.
Section 327 makes it perfectly clear that the homestead property shall not be exempt from execution and sale for any labor done thereon or materials furnished therefor. This statute was construed to have the object and effect of abolishing all exemptions against the specified demands enumerated therein as far back as 1883, when *84 this Court in the case of Ransom v. Duff, 60 Miss. 901, 903 (1883), said:
“The object and effect of this statute was to abolish all exemptions against demands for rent, and this consequence follows regardless of the legal process adopted for the collection of such demands. The test of exemption or non-exemption is not the form of action pursued, but the consideration of the debt due.”
This Court applied Section 1980 of the Code of 1892 (now Section 327, Mississippi Code of 1942) in the case of Mitchener v. Robins, Administrator, et al., 73 Miss. 383, 19 So. 103 (1895). In that case the plaintiff brought an action to impose a lien upon property of a decedent in the amount of $515 for labor performed on and for the benefit of decedent’s property. The defense was, among other things, that the property constituted a part of the homestead of the deceased and that the widow had not joined therein. This Court said:
“The debt claimed, in its amount, has been allowed by the chancery court, and there is no controversy on that point, but the appellant now seeks only to have ascertained by the court the character of his debt, in order, under our statute (section 1980, Code of 1892), to have declared his right to proceed against the exempt property of the decedent after he shall have established that his debt is that of a laborer, as that term has been defined by our decisions. The petition is not the foundation of an action to recover a debt, strictly, but rather the origin of a proceeding in the court administering the estate to determine the class of claims to which the debt belongs, to provide the method of its payment (if found to be a privileged debt), and to fasten a charge upon the exempt property for any balance unsatisfied after payment of the ratable proportion due on the claim by the administrator out of the assets of the insolvent estate.” 73 Miss, at 385-386,19 So. at 104.
The Court after thus reasoning out this case proceeded to apply Section 327, supra, and ruled that homestead property was not exempt from mechanic’s and materialman’s liens.
In the case of Jarvis v. Armstrong, et al., 94 Miss. 145, 48 So. 1 (1908), this Court construed the predecessor statute of Section 327 when it said:
“It has been repeatedly held by this court that a deed of trust given to secure the purchase money of a homestead is valid without the signature of the wife. If that be true, we can see no good or sufficient reason why the same rule should not equally apply as to money advanced to build the very house converted into a homestead. The money, while it may not be technically purchase money, creates and brings into existence the very thing that becomes the homestead. Every reason advanced for the protection of the purchase money as against a homestead right applies with equal force and effect to money used to construct the house; that is, to create and bring into existence the very subject claimed as a homestead. Until such claims are satisfied, homestead rights cannot attach as against them.” 94 Miss, at 153, 48 So. at 2.
This case turns almost entirely upon the facts and the facts are conflicting. The record is long and voluminous and the facts on both sides of the controversy were fully developed. Nine instructions were granted Plaintiff Murphy and ten granted Defendants Taylor. Considered as a whole, these instructions fairly informed the jury of the law involved.
The jury found on both trials that the appellants were the ones who breached the contract and prevented the appellee from *85 fully performing and completing the contract.
The jury resolved all issues of fact against the appellants, and we are not prepared to say that the verdict of the jury is not supported by substantial evidence. The impressing of a lien is primarily an “in rem” proceeding against the specific property improved by the labor performed and the materials furnished.
The judgment of the circuit court is affirmed, together with the allowance of statutory damages provided by law.
Affirmed.
GILLESPIE, P. J., and JONES, INZER and SMITH, JJ., concur.